**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Paramjit Singh,<br>Petitioner,<br>v.<br>Warden, Eloy Detention Center, et al.,<br>Respondents. | No. CV 26-02484 PHX DWL (CDB)<br>**ORDER TO SHOW CAUSE**<br>A 221 172 946 |

On April 13, 2026, the Court ordered Petitioner's counsel to "immediately" serve the petition on the Respondents. (ECF No. 3). Although a return of service as executed on Respondents was docketed April 14, 2026, that document (ECF No. 4) indicated service was made on the Warden of the Eloy Detention Center and the Attorney General of the United States by United States Priority Mail. On May 5, 2026, Petitioner's counsel docketed a return of service as executed on Timothy Courchaine, the United States Attorney for the District of Arizona, by certified mail. (ECF No. 5). Rule 4(i)(2) of the Federal Rules of Civil Procedure provides, that with regard to service of officers or employees of the federal government sued in their official capacity, such as Eric Rokosky, the warden of the Eloy facility, and Mr. Lyons, Mr. Mullin, and Mr. Blanche:

> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity*. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the *summons* and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Rule 4(i)(1) of the Federal Rules of Civil Procedure provides:

> (1) *United States*. To serve the United States, a party must:
> (A)(i) deliver a copy of the *summons* and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or
> (ii) send a copy of *each* by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of *each* by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of *each* by registered or certified mail to the agency or officer.

(emphasis added).

On July 9, 2026, noting Petitioner's counsel had failed to comply with the Court's order to serve all respondents, who are United States officers and employees sued in their official capacity, i.e., Eric Rokosky, the current warden of the Eloy Detention Center, Todd Lyons, Markwayne Mullin, and Todd Blanche, by sending those Respondents a copy of the "summons and the petition by *registered or certified mail*," the Court allowed Petitioner's counsel until July 24, 2026, to show cause why Petitioner's claims should not be dismissed for the failure to comply with the order at ECF No. 3. (ECF No. 6).

On July 25, 2026, counsel averred they were not aware of the registered or certified mail requirement, and asserted that on "July 24, 2026, counsel cured the defect by sending new copies of the summons and petition to each Respondent identified in ECF No. 6 by certified Mail …." (ECF No. 7). Counsel also docketed a return of service of the petition and the order at ECF No. 3 on all Respondents by certified mail on July 25, 2026. (ECF No. 8).

To date, there are no further docket entries in this matter.

The return of service as executed at ECF No. 8 does not advise that any Respondent was served with a summons. Moreover, there is no indication in the CM/ECF docket in this matter that any summons has been issued by the Court. Accordingly,

**IT IS ORDERED that** Petitioner shall have until **October 12, 2026**, to show cause why the petition and this case should not be dismissed for the failure to prosecute their claims by, *inter alia*, obtaining Court-issued summonses and effecting proper service on the Respondents.

Dated this 29th day of September, 2026.

Camille D. Bibles
United States Magistrate Judge